Filed 02/11/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 88-2-20 Wncv

---

Mountainside Condominium vs. Jamieson Risk Service

---

Opinion and Order on Plaintiffs' Motion to Strike

One of the three condominium buildings owned by the Mountainside
Condominium Association (MCA) was destroyed by fire in 2014. The buildings were
insured by Vermont Mutual Insurance Company at the time. In 2016, several owners of
the destroyed condominiums (known as the Barsomian plaintiffs) sued MCA (No. 174-3-
16 Wncv) claiming that MCA was taking too long to rebuild. While it was pursuing
coverage with Vermont Mutual, MCA filed this case in 2020 against Defendant Jamieson
Risk Service claiming that it breached a duty owed to MCA to procure full replacement-
value insurance coverage in the event of fire. It alleged that the actual insurance
coverage Jamieson procured fell well short of that, leading to reconstruction delays and
unforeseen expenses. MCA and Jamieson then stipulated to stay this case pending the
outcome of MCA's coverage dispute with Vermont Mutual, whether by mediation or
arbitration, which would determine the extent of the asserted deficiency. The coverage
dispute was resolved with an arbitration award, which lifted the stay in this case, and
that award has been confirmed in the case docketed at No. 22-CV-4513. The arbitration
award does not make MCA whole. MCA and the Barsomian plaintiffs settled their suit
in 2022. Part of the settlement included an assignment to the Barsomian plaintiffs of
MCA's right to pursue this litigation against Jamieson. The Barsomian plaintiffs then

Order
88-2-20 Wncv Mountainside Condominium vs. Jamieson Risk Service

Page **1** of **6**

were substituted for MCA in this case. As a result, MCA is no longer a party in this case, which is between the Barsomian plaintiffs and Jamieson only.

The arbitration panel issued its award in the coverage dispute on November 4, 2022, and the stay in this case was promptly lifted. More than a year later, on December 11, 2023, nearly four years after this case was filed, Jamieson filed in this case a purported Rule 14 third-party complaint (impleader) against Vermont Mutual, amending it on December 20. There is no proof or waiver of service in the record, and Jamieson has not sought a default judgment against Vermont Mutual. The Court infers that Jamieson has not completed service on Vermont Mutual, which has neither appeared nor defended. *See* 6 Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ.* § 1445 (3d ed.) ("It is sufficient to note here that with one exception [irrelevant here] the requirements for valid service of process and the acquisition of personal jurisdiction in a third-party action are the same as they are in any other type of litigation.").[1]

Within days of the filing of Jamieson's amended third-party pleading, Plaintiffs filed a Rule 14(a) motion to strike it. They argue that the proposed declaratory claims against Vermont Mutual are inappropriate for impleader, the indemnification claim should be pursued separately if at all, and impleader at this time comes too late and will bog this case down to a prejudicial degree.

Jamieson responds that, in its view, its declaratory claims appropriately seek declarations to the effect that Vermont Mutual, not it, is properly liable to Plaintiffs and that properly seeks indemnification. It further argues that its pleading against Vermont

---

[1] Accordingly, as Vermont Mutual has not technically been impled at this juncture, the Court analyzes the motion solely based on the contentions and positions of the existing parties.

Mutual is timely because under the Vermont rule it is allowed to bring in third parties at any time and, otherwise, despite this case's age, the litigation is in its early stages.

Impleader is controlled by Rule 14. Unlike its federal counterpart, which requires prospective leave of the Court if the defendant seeks to implead more than 14 days after the answer is served, Vermont's rule says that a defendant may do so "[a]t any time after commencement of an action," and leave of the Court is never required. Vt. R. Civ. P. 14(a). Jamieson is incorrect, however, to the extent that it suggests that the "at any time" language means that there are no temporal considerations. Though prospective leave of the Court is not required for impleader, the Court can act to protect other parties, and prejudicial delay can be the reason protection is needed.

Rule 14(a) allows any party to "move to strike the third-party claim, or for its severance or separate trial." Rule 14(c) further provides: "The court may make such orders as will prevent a party from being embarrassed or put to undue expense, or will prevent delay of the trial or other proceedings, by the assertion of a third-party claim, and may dismiss the third-party claim, order separate trials, or make other orders to prevent delay or prejudice."

Here, Plaintiffs' motion to strike is granted because Jamieson's proposed declaratory claims are largely inappropriate for impleader, the indemnification claim is conclusory at best, and there is neither explanation nor excuse for the extraordinary delay in Jamieson's attempt at bringing in a third party.

By its terms, impleader is available to the first-party defendant/third-party plaintiff when the third-party defendant "is or may be liable *to such third-party plaintiff* for all or part of the [first-party] plaintiff's claim against the third-party plaintiff." Vt. R.

Civ. P. 14(a) (emphasis added); *see also* 6 Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ.* § 1453 (3d ed.) (footnotes omitted) ("[T]he complaint must indicate that the third-party defendant is or may be liable to the third-party plaintiff for all or part of plaintiff's claim against defendant. . . . [I]t is not sufficient to allege that the third-party defendant is liable to plaintiff for all or part of plaintiff's claim.").

The claims for declaratory relief in the third-party complaint are largely inappropriate for impleader. By Jamieson's own description, they represent an effort by Jamieson to establish that Vermont Mutual has (or had) direct liability to MCA for the entire supposed coverage deficiency that Plaintiffs blame on Jamieson. In other words, Jamieson is not alleging that Vermont Mutual is liable to it, but that it is liable to Plaintiffs. Such claims fall outside the proper scope of impleader.

Jamieson does assert a claim of indemnification against Vermont Mutual, which is a claim that Vermont Mutual is directly liable to it in the event that it is liable to Plaintiffs. The indemnification claim, however, is not fully supported by separately pled allegations making the cause of action clear, especially in the context of Plaintiffs' specific claims in this case. Plaintiffs allege that the coverage deficiency resulted from *express, false representations by Jamieson.* If so, Vermont Mutual's liability to Jamieson by way of indemnification is far from clear, raising the prospect that impleader may accomplish little other than delay resolution of the matter for the existing parties. *See Knisely v. Cent. Vermont Hosp.*, 171 Vt. 644, 646 (2000) (implied indemnification limited to parties whose conduct occurred "without active fault").[2]

---

[2] The Court makes no actual ruling as to the ultimate merits of such a claim, however.

"Ideally, motions for leave to implead a third party under Rule 14 should be made promptly or as soon as possible after the filing of pleadings in the suit." *Stingley v. Raskey*, No. A95-0242 CV (HRH), 1995 WL 696591, at \*5 (D. Alaska Nov. 20, 1995) (internal quotation omitted). It may be denied "when prejudice to the parties or delay of the trial will result, *or when the movant cannot reasonably explain the delay*." 6 Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ.* § 1454 (3d ed.) (emphasis added and collecting cases). Jamieson does not attempt to explain the extraordinary delay in seeking to bring Vermont Mutual into this case. If it thought that Vermont Mutual would have liability to it for any liability Jamieson might have to MCA (and now Plaintiffs), that should have been apparent the minute the original complaint was filed. Nothing has changed since then to justify any sudden revelations as to Vermont Mutual's indemnification liability to Jamieson.

The Court bears in mind that, although this case currently remains in discovery, the underlying injury that led to the filing of this suit by MCA, and Plaintiffs' eventual substitution for MCA, was the fire in 2014 that destroyed the building. Plaintiffs have been seeking redress, one way or another, ever since. The Court is very mindful of the lengthy delays that can accompany the addition of a third party to an existing lawsuit. There may be litigation by Vermont Mutual at the outset of the case, and there surely would be a need for an extended period of discovery. Such additional delay in this case by way of the instant indemnification claim against Vermont Mutual would be wholly inconsistent with the overarching goals of Vt. R. Civ. P. 1, which require that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."

Further, Jamieson is not without a potential remedy. If Jamieson wishes to pursue its claims against Vermont Mutual, it may attempt to do so in a separate suit.

<u>Conclusion</u>

For the foregoing reasons, Plaintiffs' motion to strike is granted. Jamieson's third-party complaint against Vermont Mutual shall be treated as stricken from the record. The ruling is without prejudice to the claims proposed to be brought against Vermont Mutual by Jamieson.

Electronically signed on Thursday, February 8, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge